802 F.2d 457
 125 L.R.R.M. (BNA) 2615
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
CAROL FITZ, Plaintiff-Appellee
v.
THE BOARD OF EDUCATION OF THE PORT HURON AREA SCHOOLS; THE
PORT HURON AREA SCHOOL DISTRICT, Defendants-Appellants.
 No. 85-1776.
 United States Court of Appeals, Sixth Circuit.
 Aug. 19, 1986.
 
 Before: KENNEDY, WELLFORD and BOGGS, Circuit Judges.
 PER CURIAM.
 
 
 1
 WELLFORD, Circuit Judge.
 
 
 2
 The defendants appeal from a judgment for the plaintiff in this case under the Veterans' Reemployment Rights Act, 38 U.S.C. Sec. 2021-2026. Upon consideration of the record, briefs, and oral argument, we affirm the decision of the District Court. We adopt the District Court's reasoning and analysis on the question of liability. Although we might have adopted the method of computation of damages that the defendants urge, we cannot say that the method that the District Court utilized was unreasonable.
 
 
 3
 Accordingly, we affirm the judgment of the District Court.
 
 WELLFORD, Circuit Judge, dissenting:
 
 4
 The defendant, Board of Education and School District, located in Port Huron, Michigan, a city of less than 35,000, were placed in the proverbial position, "between a rock and a hard place" in this case. They were faced with a demand by plaintiff that she be immediately placed in her former teacher position (voluntarily vacated more than four years earlier) some several months after the school year started and thus replace a teacher then serving who might well sue (or her union on her behalf) under Michigan law unless defendants paid the replaced tenured teacher for the balance of the year.[1] It is unquestioned that approximately 75 tenured teachers in this relatively small school district were at the time on a layoff status due to declining enrollments and budgetary cuts. The effect of the district court decision, affirmed in this case, is to establish that defendants unfortunately made perhaps the worst choice of the unhappy ones presented for their decision even after guidance from their attorneys. Reluctantly, I must concede that the Veterans Reemployment Rights Act may be interpreted in the fashion ratified by our court in this decision, although other state courts have interpreted it less stringently, or at least that part containing the language, "unless the employer's circumstances have so changed as to make it impossible or unreasonable" to effect immediate restoration. 38 U.S.C. Sec. 2021(a)(B)(i). I am not at all sure that the change of circumstances did not make it reasonable to delay plaintiff's rehiring for part of the school year with substitution rights granted immediately.
 
 
 5
 Even if I were, with considerable trepidation, to join in the affirming of the decision imposing liability upon defendants whose plight I characterize as unfortunate and difficult, I dissent with respect to the award of damages.
 
 
 6
 I find the proposed damage award by defendants of $10,368 to be reasonable, logical and fully compensatory under the circumstances of the case. It takes into account the available duty days of service involved, including a full proportionate measure of base salary, hospitalization insurance, and health henefits to plaintiff. I deem the measure of damages determined by the district court to be an unreasonable and an unnecessary burden upon the defendants which can ill afford it. Using the method of the district court affirmed here, if plaintiff had reported for duty on April 1 and the school year ended on May 31, plaintiff would have been awarded five-twelfths of her full salary plus that proportion of other benefits (April through August being five months of the school year September 1 to August 31). Thus, plaintiff would receive nearly one-half of her pay and benefits for only two months' work in this example given.
 
 
 7
 I accordingly dissent and would award damages of $10,368 as properly calculated by defendants. That difference, taking into account the interest awarded, is not an inconsiderable amount insofar as the taxpayers of the defendant school district are concerned.
 
 
 
 [1]
 Fitz's affidavit filed in June of 1984 indicates that she "caused her parents to notify the proper authorities in the summer of 1983 that she would be returning to her position in November, 1983 . . . two months later than expected."